IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRUSTEES OF IBEW LOCAL 508 PENSION FUND; TRUSTEES OF IBEW LOCAL 508 HEALTH AND WELFARE FUND; TRUSTEES OF SAVANNAH ELECTRICAL JOINT APPRENTICESHIP TRAINING COMMITTEE; and IBEW LOCAL UNION 508; <br><br> Plaintiffs, <br> v. <br><br> RABEY ELECTRIC COMPANY, INC., <br><br> Defendant. | CIVIL CATION FILE NO. <br><br> CV413-264 |

## COMPLAINT

COME NOW the TRUSTEES OF IBEW LOCAL 508 PENSION FUND; TRUSTEES OF IBEW LOCAL 508 HEALTH AND WELFARE FUND; TRUSTEES OF SAVANNAH ELECTRICAL JOINT APPRENTICESHIP TRAINING COMMITTEE; and IBEW LOCAL UNION 508 (hereinafter "Plaintiffs" or "Trustees") by and through their attorneys complaining of the Defendant RABEY ELECTRIC COMPANY, INC. (hereinafter "Defendant") and allege as follows:

njs\rabeyelectric2013-com                           1

1.

This action arises under the Labor Management Relations Act, as amended, U.S.C. Title 29, Chapter 7, 185(a) and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145, and pendent state law claims. Jurisdiction is founded on the existence of questions arising thereunder.

2.

Venue is proper in the United States District Court for the Southern District of Georgia under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), with respect to the Plaintiff's claims because the Defendant is located in this district.

3.

The fringe benefit funds are administered by designated Trustees pursuant to the terms and provision of the Agreement and Declaration of Trust governing said Fund. The Trustees are required to maintain and administer the Funds in accordance with the provisions of the Labor Management Relations Act of 1947, as amended ("LMRA"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and other applicable state and federal laws.

4.

The Trustees of the fringe benefit funds exercise discretionary authority and control with respect to the management of, and with respect to the management and disposition of the assets of, each of the Funds. Accordingly, the Trustees are "fiduciaries" of each of the Funds within the meaning of ERISA §3(21), 29 U.S.C. §1002(21). The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries and not in any individual capacity.

5.

The Defendant, Rabey Electric Company, Inc. ("Rabey Electric"), is an employer within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, et seq. The Defendant has a place of business at 2824 Tremont Road, Savannah, GA 31405-1547 and is subject to the jurisdiction of this Court. Service may be made upon the Defendant at its place of business, 2824 Tremont Road, Savannah, GA 31405-1547 or its registered agent, Dana F. Braun, 301 West Congress Street, Savannah, GA 31401.

6.

International Brotherhood of Electrical Workers Local Union 508 (hereinafter known as "IBEW Local 508") is a labor organization within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, et seq.

7.

At all times material to Plaintiffs' cause Defendant has been a party to a collective bargaining agreement with IBEW Local 508.

8.

Defendant employed persons within the trade and territorial jurisdiction of the aforementioned collective bargaining agreement. Defendant promised and became obligated to make contribution reports and payments thereon in the amounts set forth therein.

9.

As provided in the Agreement and Declaration of Trust, the Trustees of the Funds are required to receive, hold, and manage all monies required to be contributed by Defendant in accordance with the provision of the then

applicable collective bargaining agreement, and the Trust Fund, for the uses and purposes set forth in the Agreement and Declaration of Trust.

10.

Notwithstanding the foregoing, the Defendant has violated its obligations in that the Defendant has failed to make accurate contribution reports and required payments thereon upon their respective due dates.

11.

By the above described omissions and breaches by the Defendant, the condition of the funds will be adversely affected and will cause said funds and its employee beneficiaries, particularly those employee beneficiaries of the Defendant, substantial and irreparable harm.

12.

The Declaration of Trust grants the Trustees authority to require contributing employers to undergo payroll audits. The Declaration of Trust additionally provides for liquidated damages, interest, all costs of collection, including attorney's fees, as well as audit fees. Because of the aforementioned omissions and breaches Defendant is liable for all the foregoing. Defendant is

similarly liable for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, costs of action and such other legal or equitable relief as the court deems appropriate, under the express terms of ERISA, 29 U.S.C. §1132 and §1145.

13.

Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on the Defendant's part required to be performed under its collective bargaining agreement and applicable Declaration of Trust and is restrained from continuing to refuse to perform as thereunder required.

14.

A copy of this Complaint is being served upon the Secretary of Labor and Secretary or Treasury by certified mail as required by 29 U.S.C. §1132(h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein respectfully pray for an Order of Specific Performance and Injunction against the Defendant, and that the following relief be granted:

(a) That a reconstruction payroll audit be performed, pursuant to the Declaration of Trust, or by this Court, as to all employees of Defendant covered by the applicable collective bargaining agreement as to wages received and hours worked by such employees so as to determine amounts required to be paid to Plaintiffs;

(b) That Defendant be decreed to pay to Plaintiffs all sums determined to be due by any audit ordered by the Court together with interest from the date the amounts were due as provided for by the Declaration of Trust and ERISA, 29 U.S.C. §§1132 and 1145;

(c) That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records as provided for the applicable Declaration of Trust;

(d) That Defendant be decreed to pay to Plaintiffs all costs of this legal action and reasonable attorneys' fees as provided for in the applicable Declaration of Trust and ERISA, 29 U.S.C. §§1132 and 1145;

(e) That Defendant be decreed to pay to Plaintiffs prejudgment interest and liquidated damages in amounts set forth in the applicable Declaration of Trust and similarly required in ERISA, 29 U.S.C. §§1132 and 1145;

(f) That the Defendant be ordered to pay all sums determined by the accounting or by the proof of the Plaintiffs;

(g) That the Court award prejudgment interest at the rate of twelve (12%) percent.

Respectfully submitted,

QUINN, CONNOR, WEAVER,
DAVIES & ROUCO LLP
3516 Covington Highway
Decatur, GA 30032
(404) 299-1211
(404) 299-1288-fax
nslawsky@gmail.com
twarren@qcwdr.com

S/NORMAN J. SLAWSKY
NORMAN J. SLAWSKY, ESQ.
Georgia Bar No. 652225
TESSA A. WARREN, ESQ.
Ga. Bar No. 435157